IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINA SILVERA, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 24-4003-SLD-JEH |
| MAXIM HEALTHCARE STAFFING SERVICES, INC., et al., | ) |
| Defendants. | ) |

**DEFENDANT'S MOTION FOR LEAVE TO FILE RESPONSIVE PLEADING *INSTANTER*** 

NOW COMES Defendant JACK MABLEY DEVELOPMENTAL CENTER, by and through its attorney, Kwame Raoul, Attorney General of the State of Illinois, and moves for the Court to grant it leave to file the attached Motion to Dismiss *instanter*, and states as follows:

1. Plaintiff brought this action on January 3, 2024. *See* Doc. 1.

2. A 21-day Summons was issued to "Mabley Family Association, Inc. d/b/a Jack Mabley Developmental Center" on January 4, 2024. Defendant's answer was due on February 6, 2024. *See* Doc. 5.

3. Jack Mabley Developmental Center is operated by Illinois Department of Human Services (IDHS) and not by Mabley Family Association.

4. IDHS requested representation from Illinois Office of the Attorney General and undersigned counsel entered appearance for Jack Mabley Developmental Center on February 23, 2024.

5. Defendant Jack Mabley Developmental Center wishes to file the attached Motion to Dismiss *instanter*, pursuant to Central District Local Rule 7.1(F).

6. Defendant requested representation in time and was under the understanding that its interests were being represented and through no fault of its own, the responsive pleading deadline was missed.

7. This Motion will not prejudice the parties and will not cause undue delays to the Court.

WHEREFORE, Defendant respectfully requests that this Court grant its leave to file the proposed Motion to Dismiss.

Respectfully submitted,

JACK MABLEY DEVELOPMENTAL CENTER,

Defendant,

KWAME RAOUL, Attorney General, State of Illinois

Attorney for Defendant.

By: s\ Zherong Kang
    Zherong Kang, # 6337517

Zherong Kang, # 6337517
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Phone: (217) 557-0261
Fax: (217) 782-8767
Email: Zherong.Kang@ilag.gov
& gls@ilag.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTINA SILVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 24-4003-SLD-JEH |
| | ) | |
| MAXIM HEALTHCARE STAFFING SERVICES, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 1, 2024, the foregoing document, **Defendant's Motion for Leave to File Responsive Pleading *Instanter*** and **Defendant's Motion to Dismiss** were electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mohammed Omar Badwan   mbadwan@sulaimanlaw.com
Jennifer L. Ralph               Jennifer.ralph@huschblackwell.com

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

NONE

                                        Respectfully submitted,

                                        s/ Zherong Kang
                                        Zherong Kang, # 6337517
                                        Assistant Attorney General
                                        500 South Second Street
                                        Springfield, Illinois 62701
                                        Phone: (217) 557-0261
                                        Fax: (217) 782-8767
                                        Email: Zherong.Kang@ilag.gov
                                        & gls@ilag.gov

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINA SILVERA, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 24-4003-SLD-JEH |
| MAXIM HEALTHCARE STAFFING SERVICES, INC., et al., | ) |
| Defendants. | ) |

**DEFENDANT'S MOTION TO DISMISS**

NOW COMES Defendant JACK MABLEY DEVELOPMENTAL CENTER, by and through its attorney, Kwame Raoul, Attorney General of the State of Illinois, moves the Court to dismiss Plaintiff's complaint against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief, and under Rule 12(b)(6) for improper venue. In support of this motion, Defendant states:

**INTRODUCTION**

On January 3, 2024, Plaintiff filed a Complaint pursuant to Title VII of the Civil Rights Act of 1964. *See* Doc. 1. Plaintiff alleges in her Complaint that Defendants discriminated against her based on her race. *See id.* Plaintiff identifies Jack Mabley Developmental Center as one of the two Defendants and claims that Jack Mabley Development Center is an "employer" under Title VII's definition. *Id* at ¶¶ 11 & 13. Plaintiff's claim against Jack Mabley Development Center must be dismissed because Jack Mabley Development Center is not a legal entity and is not amenable to suit under Federual Rule of Civil Procedure 17(b)(3). Additionally, Jack Mabley Development Center is located in Dixon, Lee County, Illinois and all relevant events contained in Plaintiff's Complaint took place in Lee County—the Central District of Illinois is not the proper venue as the Northern District of Illinois is the proper venue for Lee County.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1510 (7th Cir. 1990). When considering a Rule 12(b)(6) motion, the Court is to accept as true well-pleaded facts in the complaint and draw all reasonable inferences in favor of the Plaintiff. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to the presumption of truth. *See Aschcroft v. Iqbal*, 556 U.S. 662 (2009).

## ARGUMENTS

**1. Jack Mabley Developmental Center is Not a Proper Defendant**

For a party that is not an individual and not a corporation, Federal Rule of Civil Procedure 17(b)(3) provides that the capacity to be sued is determined "by the law of the state where the court is located." In *Spain v. Elgin Mental Health Ctr.*, the Northern District of Illinois has held that Elgin Mental Health Center (EMCH), a facility controlled and operated by Illinois Department of Human Services (IDHS), cannot be sued under Title VII because EMCH lacks capacity to be sued. 2011 U.S. Dist. LEXIS 42113, *6 (N.D. Ill. 2011) (citing *Payne v. Cook County Hosp.*, 719 F. Supp. 730, 733–34 (N.D. Ill. 1989)); *see also Turner v. City of Chicago Bd. of Educ.*, 2018 U.S. Dist. LEXIS 109650 *7 (N.D. Ill. 2018) (The Chicago Public Schools Office of the Inspector General is a part of the Chicago Board of Education and not a suable entity in Title VII and Section 1983 complaint); *Simmons v. Parkinson*, 2021 U.S. Dist. LEXIS 188311, *8 (finding that Minier Police Department is a department of the Village of Minier, thus not a proper defendant to be sued in a Title II ADA complaint).

Jack Mabley Developmental Center, same as Elgin Mental Health Center, is a facility controlled and operated by IDHS. *See* 20 ILCS 1705/4(a). Jack Mabley Developmental Center is not a legal entity and lacks the capacity to be sued under Rule 17(b)(3). Plaintiff's complaint against Jack Mabley Developmental Center therefore must be dismissed.

### 2. Central District of Illinois is Not the Proper Venue

Venue is proper in (1) a judicial district in which any defendant resides or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(1)–(2). Jack MABLEY DEVELOPMENTAL CENTER is located in Dixon, Illinois. *See* Plaintiff's Complaint, Doc. 1, ¶ 11. Dixon, Illinois is in Lee County. The proper federal venue for cases arising out of Lee County is the United States District Court for the Northern District of Illinois.

Pursuant to 28 U.S.C. § 1406, the district court in which a case is filed where venue is improper "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should not remain in the Central District of Illinois and should be dismissed. Alternatively, this case should be transferred to the Northern District of Illinois because that is the appropriate venue.

Further, even if the Central District was a proper venue, this case should be transferred for the convenience of the parties and witnesses. A district court may transfer any civil action to any other district or division for such a reason. 28 U.S.C. § 1404. Because the Defendant and, presumably, other employee-witnesses are located in the Northern District of Illinois, venue should be changed.

WHEREFORE, Defendant JACK MABLEY DEVELOPMENTAL CENTER respectfully requests that this Honorable Court dismiss Plaintiff's complaint against it with prejudice, or, in the alternative, transfer this matter to the Northern District of Illinois, or grant any further relief the Court deems necessary.

                                  Respectfully submitted,

                                  JACK MABLEY DEVELOPMENTAL CENTER,

                                     Defendant,

                                  KWAME RAOUL, Attorney General,
Zherong Kang, # 6337517         State of Illinois
Assistant Attorney General
500 South Second Street             Attorney for Defendant.
Springfield, Illinois 62701
Phone: (217) 557-0261
Fax: (217) 782-8767             By: s\ Zherong Kang
Email: Zherong.Kang@ilag.gov     Zherong Kang, # 6337517
& gls@ilag.gov